IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01344-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG - 2 2010

GREGORY C. LANGHAM
CLERK

I.C. LEWIS JR., # 67563,

        Plaintiff,

v.

BURL McCULLAR,

        Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

        Plaintiff, I.C. Lewis Jr., is a prisoner in the custody of the Colorado Department of
Corrections and is incarcerated at the Crowley County Correctional Facility in Olney
Springs, Colorado. Mr. Lewis, acting *pro se*, initiated this action by filing a Prisoner
Complaint alleging that his constitutional rights are being violated. He asks for
injunctive relief.

        The Court must construe the Complaint liberally because Mr. Lewis is a *pro se*
litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935
F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se*
litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr.
Lewis will be ordered to file an Amended Complaint and assert how each named party
violated his constitutional rights.

Mr. Lewis must assert personal participation by each named defendant. ***See Bennett v. Passic***, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Lewis must name and show how each individual caused the deprivation of a federal right. ***See Kentucky v. Graham***, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. ***See Butler v. City of Norman***, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. ***See Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***McKee v. Heggy***, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Lewis also is instructed that to state a claim in federal court, he must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Lewis file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Lewis, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Lewis fails within the time allowed to file an

Amended Complaint that complies with this Order, to the Court's satisfaction, the action

will be dismissed without further notice.  It is

FURTHER ORDERED that process shall not issue until further order of

the Court.

DATED August 2, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01344-BNB

I.C. Lewis, Jr.
Prisoner No. 67563
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 62110

GREGORY C. LANGHAM, CLERK

By: _____
              Deputy Clerk