IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01344-BNB

I. C. LEWIS JR., # 67563,

    Plaintiff,

v.

BURL McCULLAR, SOTMP Manager, Individual and Official Capacity,
JAMES LANDER, MA LPC, Individual and Official Capacity, and
ARISTEDES ZAVARAS, Executive Director, Individual and Official Capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2010

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Plaintiff, I. C. Lewis Jr., acting *pro se* initiated this action by filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Upon review of the merits of the Complaint, Magistrate Judge Boyd N. Boland entered an order on August 2, 2010, directing Mr. Lewis to file an Amended Complaint. Mr. Lewis was instructed to name proper defendants and to assert personal participation by each named defendant. Mr. Lewis also was instructed to submit an Amended Complaint that explains what each defendant did to harm him, when the defendant did the harmful act, how he was injured, and what specific legal right the defendant violated pursuant to *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Lewis was warned that if he failed to file an Amended Complaint within the time allowed the Complaint and the action would be dismissed.

On August 6, 2010, Mr. Lewis submitted a Letter to the Court asking for an extension of time to amend the Complaint and for an order directing the Colorado

Department of Corrections (DOC) to grant him access to his mental health file so that he may identify the persons who have deprived him of his constitutional rights. On August 10, 2010, Magistrate Judge Boland granted Mr. Lewis a thirty-day extension to amend the Complaint but denied his request for access to his mental health file as premature and without proper justification.

On August 26, 2010, rather than filing an Amended Complaint on a Court-approved form, Mr. Lewis filed a one-page statement along with copies of DOC grievance forms that he had submitted to prison staff. In the one-page statement, Mr. Lewis appears to identify as defendants "[a]ll parties named within the grievance procedure who made the determination that the defendant should be classified as an S-4 and not an S-2." In the remainder of the one-page statement, Mr. Lewis challenges in general his classification as a sex offender. Mr. Lewis also circles Defendant James Lander's signature and Defendant Burl McCullar's signature on two of the grievance forms that he has attached to the statement.

Mr. Lewis has failed to comply with the August 2 Order. Although he has identified Defendants Landers and McCullar as possible defendants because they responded to his grievance regarding his "S" rating, Mr. Lewis does not state specifically what Defendants Aristedes Zavaras, Landers, and McCullar have done to violate his constitutional rights, including how they personally participated in assigning him a S-4 rating. Furthermore, Mr. Lewis failed to submit his claims on a Court-approved form. In accordance with local rule of practice 8.2A., D.C.COLO.LCivR, a *pro se* prisoner is required to use the forms established by this Court to file an action. Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a federal district court's

local rules to be enforced unless the failure to comply with a rule is "nonwillful." Submitting a one-page statement without an explanation for failing to comply with Magistrate Judge Boland's August 2 Order to file an Amended Complaint on a Court-approved form is a willful act by Mr. Lewis.

Upon review of the Complaint, the Court finds that Magistrate Judge Boland correctly instructed Mr. Lewis to amend and assert how named defendants personally participated in violating his constitutional rights by stating what each defendant did to harm him, when the defendant did the harmful act, how he was injured, and what specific legal right the defendant violated. Because Mr. Lewis has failed to comply with the August 2 Order the action will be dismissed. Nonetheless, since the Complaint and action will be dismissed without prejudice, Mr. Lewis may proceed with his claims in a new action if he so desires. Accordingly, it is

ORDERED that the Complaint and action are dismissed without prejudice for failure to file a proper Amended Complaint and for failure to prosecute.

DATED at Denver, Colorado, this __20th__ day of __September__, 2010.

BY THE COURT:

_Christine M. Arguello_
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01344-BNB

I.C. Lewis, Jr.
Prisoner No. 67563
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/20/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk